IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO MARTINEZ (TDCJ No. 2067337), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-559-B-BN |
| THE COURT OF APPEALS OF TX 5TH DISTRICT DALLAS | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Roberto Martinez a/k/a Roberto Martinez Barrientos, a Texas prisoner, filed a *pro se* Petition for Exercise of the Court's Discretionary Powers to Review a Case under Title 42 U.S.C. [Dkt. No. 3], construed as a civil rights complaint. This resulting action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

As the Court recounted in denying Martinez's construed application for a petition of habeas corpus under 28 U.S.C. § 2254, in January 2013,

> [o]n April 27, 2006, Petitioner was convicted of two counts of indecency with a child and was sentenced to four years imprisonment in each case. Petitioner's convictions were affirmed on direct appeal. *See Barrientos v. State*, Nos. 05-06-00675-CR & 05-06-00676-CR, 2007 WL 1492049 (Tex.

>App.– Dallas May 23, 2007, pet. ref'd). Petitioner did not seek state habeas relief. He was released from state custody on August 3, 2008. Petitioner was subsequently arrested and tried for failure to register as a sex offender. Petitioner was convicted of that crime on April 24, 2012 and sentenced to 18 months in state jail. An appeal [was then] pending before the Fifth District Court of Appeals of Texas. *See Barrientos v. State*, No. 05-12-00648-CR (Tex. App. – Dallas, filed Apr. 25, 2012).

*Barrientos v. Dallas Cnty. Dist. Attorney's Office*, No. 3:12-cv-4753-O-BN, 2013 WL 1499382, at *1 (N.D. Tex. Jan. 18, 2013), *rec. accepted*, 2013 WL 1501623 (N.D. Tex. Apr. 12, 2013); *see also Barrientos v. State*, No. 05-12-00648-CR, 2013 WL 3227658 (Tex. App. – Dallas June 24, 2013) (affirming April 2012 criminal judgment); *Martinez v. State*, No. 05-14-01238, 2015 WL 6750812 (Tex. App. – Dallas Nov. 4, 2015, pet. ref'd) (affirming as modified 2014 criminal judgment, imposing a 7-year sentence after a subsequent conviction for failing to comply with sex offender registration requirements).

Through the civil rights complaint, Martinez attacks the validity of the 2007 Dallas Court of Appeals decision affirming his convictions for indecency with a child. *See* Dkt. No. 3 at 1 (referencing Nos. 05-06-00675-CR and -00676-CR); *id.* at 4 ("enclosed please find a petition for the exercise of the court's discretionary power to review this malicious case which is in violation of my civil rights due process").

**Legal Standards and Analysis**

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or

constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"[T]he *Rooker-Feldman* doctrine is a narrow jurisdictional bar ... designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (per curiam) (citing *Lance v. Dennis*, 546 U.S. 459, 464, 463 (2006) (per curiam); citation omitted). Put differently, federal-court authority to review a state court's judgement lies exclusively with the United States Supreme Court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, the District Courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction." (citations omitted)); *see also Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) ("Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United State Supreme Court.").

Under this doctrine, a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

-3-

review and rejection of those judgments." *Exxon,* 544 U.S. 280 at 284; *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923))); *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (stating that there are four elements to the *Rooker-Feldman* doctrine: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceeding began; and (4) federal suit requests review and reversal of the state-court judgment."); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))).

"A plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); citation and internal quotation marks omitted).

And the United States Court of Appeals for the Fifth Circuit has "held 'that litigants may not obtain review of state court actions by filing complaints about those

actions in lower federal courts cast in the form of civil rights suits'" and that, moreover, "[t]he only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court." *Id.* (quoting *Hale*, 786 F.2d at 690-91, then citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

The Fifth Circuit has further applied the doctrine where – like here – a plaintiff's federal civil rights lawsuit, "stripped to essentials, is an attack on the judgment of the state [court]." *Moore v. Tex. Ct. of Crim. App.*, 561 F. App'x 427, 431 (5th Cir. 2014) (per curiam) (quoting *Liedtke*, 18 F.3d at 318).

> Moore's allegations are that the CCA and its judges denied him "a fair and impartial review of his State habeas application" and writ of prohibition on multiple grounds. These allegations called for the federal district court to evaluate the CCA's judgment, which the district court "may not do." *Feldman*, 460 U.S. at 482 n. 16. Moore's § 1983 suit, "which arises from the state proceeding, is 'inextricably intertwined' with that judgment." *Liedtke*, 18 F.3d at 318. The only proper recourse for Moore is with the United States Supreme Court; he cannot file a complaint in the federal district court challenging the state court's judgment. *See id.* Therefore, "[w]e have no alternative but to affirm the decision of the federal district court dismissing [Moore's] claims for lack of jurisdiction." *Id.*

*Id.* (footnote omitted).

For the same reasons, the Court lacks subject matter jurisdiction over Martinez's lawsuit. And it should be dismissed without prejudice under Federal Rule of Civil Procedure 12(h)(3).

**Recommendation**

The Court should dismiss this action without prejudice for lack of subject matter

jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 7, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE